■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ALLAN A., Appellant, v JAMES L. STONE et al., Respondents. [707 NYS2d 903] —In a habeas corpus proceeding, the petitioner appeals, as limited by his brief, from so much of an order of the Supreme Court, Orange County (Berry, J.), dated February 10, 1999, as, upon granting reargument, adhered to the prior determination in an order of the same court, dated August 28, 1998, which denied the writ and dismissed the proceeding.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, the writ is reinstated and sustained to the extent that within 15 days of the date of this Court's decision and order, the Supreme Court, Orange County, shall commence a hearing to determine whether the petitioner was provided with the notice required by 14 NYCRR 57.2 (b) and, if he was not given such notice, to provide such notice and to allow for the filing of objections pursuant to 14 NYCRR 57.2 (c), and a determination pursuant to 14 NYCRR 57.2 (d), and the Supreme Court, Orange County shall continue the hearing on successive court days without substantial interruption until concluded.

Following his transfer to the Mid-Hudson Forensic Psychiatric Center (hereinafter Mid-Hudson) pursuant to Correction Law § 404 (1), the petitioner commenced the instant proceeding claiming, *inter alia,* that he was not given the notice required by 14 NYCRR 57.2 (b). Although 14 NYCRR 57.2 (a) (3) specifies that "[p]roof of service of any paper required by this Part shall be placed in the patient's record", the record is unclear as to whether the petitioner received the required notice.

The matter must therefore be remitted to the Supreme Court, Orange County, for a hearing to determine whether the petitioner received the notice required by 14 NYCRR 57.2 (b). If the court determines that he did not receive the required notice, such notice should be provided and the petitioner should

be allowed to file objections pursuant to 14 NYCRR 57.2 (c) after which a determination pursuant to 14 NYCRR 57.2 (d) can be made.

The petitioner's remaining contentions are without merit. Ritter, J. P., Sullivan, S. Miller, Luciano and H. Miller, JJ., concur.